IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Ashley Marie Olsen Zieser, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| | ) Case no. 18-6103 |
| EDWARD BEARDEN, | ) |
| VEVIA STURM, | ) JURY TRIAL DEMANDED |
| JOHN OR JANE DOE #1, and | ) |
| JOHN OR JANE DOE #2, | ) |
| All named individuals in their | ) |
| Individual Capacities, | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Ashley Marie Olsen Zieser (hereinafter "Plaintiff"), by her attorneys, as and for her Complaint, hereinafter states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff was harassed, abused and sexually assaulted by Corrections Officer Edward Bearden while she was confined at the Chillicothe Correctional Center, a women's prison in Missouri. Defendant Bearden preyed upon numerous women at the prison. Other prison officials knew or should have known he was sexually assaulting Plaintiff and did nothing to prevent or stop the attacks. Plaintiff

1

has suffered severe physical and emotional trauma due to the actions of all Defendants.

2. Plaintiff brings this action pursuant to 42 U.S.C §1983, seeking compensatory damages and punitive damages against all Defendants for violations of her constitutional rights while acting under color of state law, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court is properly invoked pursuant to federal question jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforementioned statutory provisions.

4. Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. § 1988.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). All actions alleged herein occurred in Chillicothe, Missouri, which is located in the Western District of Missouri.

## PARTIES

6. Plaintiff was at all relevant times an inmate of the Chillicothe Correctional Center, a facility of the State of Missouri Department of Corrections.

7. Defendant Edward Bearden (hereinafter "Bearden" or "Defendant Bearden") was at all relevant times a Corrections Officer at the Chillicothe Correctional Center. Upon information and belief, Defendant Bearden is still employed at the prison. Defendant Bearden is sued in his individual capacity.

8. Defendant Vevia Sturm (hereinafter "Sturm" or "Defendant Sturm") is the Prison Rape Elimination Act supervisor for the Missouri Department of Corrections. She is sued in her individual capacity.

9. Defendant John or Jane Doe #1 is the individual responsible for implementation of the Prison Rape Elimination Act at the Chillicothe Correctional Center. He or she is sued in his or her individual capacity.

10. Defendant John or Jane Doe #2 is the Supervisor of Edward Bearden. He or she is sued in his or her individual capacity.

## **FACTS**

11. In October of 2015, Defendant Bearden ordered Plaintiff to enter a room utilized for cleaning supplies.

12. Defendant Bearden entered the small room immediately behind Plaintiff. Defendant Bearden placed his hand on his crotch and said, "Yeah, you like that."

13. Plaintiff left the room physically unharmed after this first incident. However, during the following months, Defendant Bearden assaulted Plaintiff on four separate occasions.

14. In December of 2015, Defendant Bearden ordered Plaintiff to go in to the male guard break room. Again, he followed her into the room.

15. Defendant Bearden approached Plaintiff from behind and put his fingers insider her pants and into her vagina.

16. Again in December of 2015, in the administrative office of the Warden, Defendant Bearden again penetrated Plaintiffs vagina with his fingers.

17. On two other separate occasions in January of 2016, both in the male guards' locker room, Defendant Bearden tried to force Plaintiff to perform oral sex. Plaintiff refused each time. Defendant Bearden pushed her to the ground and grabbed her hair. She screamed both times and he let her go.

18. Upon information and belief, there are no surveillance cameras in the administrative office of the warden or the male guard break room.

19. Defendant Bearden told Plaintiff to write notes of a sexual nature and place them in his locker. Defendant Bearden gave Plaintiff his locker number.

20. Plaintiff put one note in Defendant Bearden's locker—telling him to leave her alone.

4

21. Plaintiff spoke to two other incarcerated women about Defendant Bearden's assaults.

22. Plaintiff and another incarcerated individual agreed to use the "buddy system" to prevent either of them from being alone with Defendant Bearden.

23. Plaintiff was physically and emotionally injured by Defendant Bearden's attacks.

24. All of the actions of Defendant Bearden were without the consent of Plaintiff, were unwanted and unwelcome, and caused her serious emotional and physical harm.

25. Plaintiff did not report these attacks to any prison officials because she did not think she would be believed, and because she knew it was prison policy that women who complain of sexual assaults by guards to be sent to "the hole," which is solitary confinement. In solitary confinement, women lose the right to see their families and to participate in prison programs. In addition, Plaintiff was in the work release program, the highest level of privilege for offenders who are about to be released, and that status would be revoked if she complained.

26. Plaintiff feared that if she reported the attacks, she would lose privileges she had earned within the prison.

27. Upon information and belief, Defendant Bearden continues to work for Chillicothe Correctional Center as a Corrections Officer.

28. All of Defendant's Bearden's actions were done under color of state law.

29. Upon information and belief, Defendants Vevia Sturm, John or Jane Doe #1, and John or Jane Doe #2 knew or should have known that Defendant Bearden was sexually assaulting Plaintiff. It was their duty to discover and prevent sexual assaults of offenders at all Missouri penal institutions. All of their actions were done under color of state law.

## SECTION 1983 CLAIMS

### COUNT I - DEFENDANT BEARDEN'S SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT
### (AGAINST DEFENDANT BEARDEN)

30. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 29 above as fully set forth herein.

31. Defendant Bearden, at all relevant times, acted under color of state law.

32. The acts and conduct of Defendant Bearden were calculated to and did deprive Plaintiff of her clearly established right to be free from cruel and unusual punishment in the form of violent bodily intrusion.

33. As a direct and proximate result of the acts and conduct of Defendant Bearden, Plaintiff suffered serious bodily pain, injury, and emotional distress.

34. The acts and conduct of Defendant Bearden were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

### COUNT II   THE FACILITATION BY STURM AND DOES #1 AND #2 OF DEFENDANT BEARDEN'S SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT
### (AGAINST STURM AND JOHN OR JANE DOE #1 AND JOHN OR JANE DOE #2)

35. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 34 above as fully set forth herein.

36. At all relevant times, Sturm and Does #1 and #2 were acting under color of state law.

37. At all relevant times, Sturm and Does #1 and #2 were performing governmental functions.

38. Defendants Sturm and Does #1 and #2 were responsible for the prevention of sexual violence against offenders in Missouri's correctional facilities, and through their acts and omissions, facilitated the rape and sexual abuse of Plaintiff.

39. By their policies, practices, acts and omissions, Defendants Sturm and Does #1 and #2 caused Plaintiff to be subjected to sexual assaults in violation of her rights under the Eighth Amendment.

40. Upon information and belief, Defendants Sturm and Does #1 and #2 were specifically aware of widespread allegations of sexual misconduct at Missouri penal institutions.

41. Upon information and belief, Defendants Sturm and Does #1 and #2 were specifically aware of allegations of sexual misconduct by Defendant Bearden prior to and during the course of his abuse of Plaintiff.

42. Defendants Sturm and Does #1 and #2 knew that staff who rape and sexually abuse inmates routinely utilize physical areas outside the view of monitored security cameras and other staff.

43. Defendants Sturm and Does #1 and #2 failed to employ obvious measures to reduce the risk of rape and sexual abuse of incarcerated inmates by corrections officers.

44. The pattern of sexual abuse by prison staff and the failure or refusal of Defendants Sturm and Does #1 and #2 to operate, supervise, maintain and control its operations properly and to act to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorized the abuse of Plaintiff.

45. The customs, policies, usages, practices, and procedures of Sturm and Does #1 and #2 constituted deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff and were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

46. The customs, policies, usages, practices, and procedures of Sturm and Does #1 and #2 were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

47. Sturm and Does #1 and #2 failed to protect Plaintiff from known and dangerous harm.

48. Sturm and Does #1 and #2 knew of or consciously disregarded the obvious risk of the constitutional harms perpetrated against Plaintiff and failed to intervene, mitigate, or stop the events.

49. Due to Sturm and Does #1 and #2's practices and policies aforesaid, the Plaintiff suffered and continues to suffer physical, psychological and emotional injuries, pain, and suffering.

## **JURY DEMAND**

50. Plaintiff hereby demands a trial by jury of all issues in this matter.

## RELIEF

WHEREFORE, Plaintiff prays for a Judgment against Defendants, jointly and severally, for medical costs to be incurred, other compensatory damages in an amount to be determined at trial, punitive damages against all defendants in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ John J. Ammann

John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

Jenifer C. Snow, Mo. # 67345
Ryan J. Gavin, Mo. #48691
Kamykowski, Gavin & Smith, P.C.
222 S. Central, Suite 1100
St. Louis, Mo. 63105
314-665-3280 fax: 314-762-6721
Jenifer@kgslawfirm.com
Ryan@kgslawfirm.com